IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANGELA EATON, | |
| Plaintiff | |
| VS. | NO. 5:08-CV-137 (HL) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | **SOCIAL SECURITY APPEAL** |
| Defendant | |

# O R D E R

Plaintiff Angela Eaton has applied for a period of disability and disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq.*, alleging that she is unable to work because of a disability. Her application was denied at the initial administrative level. She then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected her subsequent request for review. The ALJ's decision thus became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.1986). The case is now before this Court for review pursuant to 42 U.S.C.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

§ 405(g) and § 1631(c)(3). Based on a review of the record in this case and the briefs of the parties, the undersigned concludes that the decision of the Commissioner must be affirmed.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one. The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[2] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, at 1239. However, even if the evidence preponderates against

---

[2] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir. 1981).

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." [3] To make this determination, the Commissioner utilizes the five-step sequential evaluation process outlined below.

1. Is the person presently unemployed?
2. Is the person's impairment severe?
3. Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
4. Is the person unable to perform his or her former occupation?
5. Is the person unable to perform any other work within the economy?

*See* 20 C.F.R. § 404.1520, § 416.920.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not

---

[3] For purposes of this analysis, a "physical or mental impairment" is defined as one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986).[4] In employing this analysis and in arriving at a determination, the Commissioner must consider the combined effect of all alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Eaton was 36 years old on the alleged disability onset date and was 37 years old at the time of the hearing. She has a high school education and has completed three years of college. Her prior job experience includes working as a general duty nurse. She alleges that she became disabled on February 25, 2008, due to bipolar manic psychotic disorder and high blood pressure.

Following a hearing, the ALJ confirmed that plaintiff Eaton met the insured status requirements of the Social Security Act and that she had not been engaged in substantial gainful activity since the alleged disability onset date. The ALJ further found that the plaintiff suffers from the severe impairment of a mental disorder which has been diagnosed as schizoaffective disorder, bipolar disorder, psychosis, depression, and personality disorder. The ALJ then determined that, as a result of this impairment, plaintiff Eaton would be unable to perform her past relevant work. Next, and upon the testimony of a vocational expert, the ALJ found that even though she is

---

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir.1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir.1981) (Unit A).

impaired, there is still a significant number of jobs existing in the national economy which she could perform. Examples of these jobs include working as an assembler of plumbing hardware, an assembler of nuts and bolts, or an assembler of paper goods. Accordingly, the ALJ concluded that plaintiff Eaton was not disabled.

## PLAINTIFF'S CLAIMS

In this action, and in support of her request for remand and/or reversal, plaintiff Eaton has presented the following issues for the court's review:

***Whether substantial evidence supports the Commissioner's denial of plaintiff's disability claim where:***

> ***A.   The ALJ improperly discounted the opinions of Ms. Eaton's treating psychiatrist and other mental health professionals regarding the impact of Ms. Eaton's psychiatric condition on her ability to perform work activity; and***
>
> ***B.   The ALJ improperly discounted evidence regarding side effects from Ms. Eaton's medications.***

## DISCUSSION

Plaintiff Eaton's first issue on appeal essentially contends that the ALJ erred by discrediting and/or rejecting the opinion of her treating psychiatrist Dr. Dwight Bearden. In support of this argument, she begins by noting that, as her treating physician, Dr. Bearden's opinions "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2003). Eaton goes on to note that, in addition to being her treating psychologist, Dr. Bearden is a specialist.

As such, she avers that his opinion should have been afforded more weight than those of a source who is not a specialist. *King v. Barnhart*, 320 F.Supp.2d 1227, 1231-1232 (N.D.Ala. 2004); *see also*, 20 C.F.R. Section 404.1527(d)(5).

Plaintiff Eaton then described (1) documents prepared by Dr. Bearden, (2) his observations about her symptoms, and (3) his conclusion concerning her ability to maintain competitive employment. Next, and in further support of her contention that Dr. Bearden's conclusion about her inability to work should have been afforded controlling weight, she contends that this conclusion is in accord with the observations of the consultative mental health expert Dr. Elizabeth Soety.

To illustrate this point, plaintiff cites Dr. Soety's observations that "[the plaintiff's] ability to concentrate and sustain attention was noticeably impaired during the session," and that her ability to relate appropriately to the public, supervisors, and co-workers would "decline dramatically in stressful situations." Finally, and based upon her apparent assumption that the ALJ's failure to adopt Dr. Bearden's opinions was due to a determination that the evidence relied upon by Dr. Bearden was either inadequate or incomplete, the plaintiff alleges that the ALJ's decision not to re-contact Dr. Bearden prior to rendering a decision constitutes reversible legal error.

In response to the above contentions, the Commissioner notes that the weight to be given a physician's opinion depends upon the extent to which it is supported by medical data and other evidence of record. *See* 20 C.F.R. §§

404.1527(d)(3) and 416.927(d)(3). He then affirms that a treating physician's opinion should be accorded controlling weight but only if it is "well supported by medically acceptable . . . techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Consequently, he avers that a treating physician's opinion may indeed be disregarded if it is unsupported by objective medical evidence or is merely conclusory. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *Edwards v. Sullivan*, 937 F.2d 568 (11th Cir. 1991).[5]

In view of the above, and after acknowledging that the Dr. Bearden's position was not adopted by the ALJ, the Commissioner argues that the ALJ's decision on this issue was both legal and appropriate. This, according to the Commissioner, is because Dr. Bearden's conclusion about the plaintiff's degree of disability was not sufficiently supported by objective medical findings and was, in fact, inconsistent with other evidence of record including his own findings.

Based upon a review of the evidence of record, which record includes the records of other physicians and mental health professionals who evaluated and/or provided treatment to the plaintiff, it appears to the undersigned that Dr. Bearden's opinions and conclusion are indeed unsupported and/or contradicted thereby. As such, the ALJ's decision to discount and/or reject Dr. Bearden's opinions and conclusion appear to be legally sound and supported by substantial evidence. Moreover, and with regard to the assertion that the ALJ had an obligation to re-contact Dr.

---

[5] Testimony of a treating physician must be given substantial or considerable weight unless "good cause" is shown to the contrary. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (citations omitted). Good cause exists where the physician's opinions are conclusory or inconsistent with their own medical records. See Jones v. Department of Health and Human Servs., 941 F.2d 1529, 1532-33 (11th Cir. 1991); Edwards, 937 F.2d at 583.

Bearden prior to rendering a decision, this argument is also without merit. Such an obligation does not arise except in instances where the ALJ determines that the evidence of record is insufficient to decide the issue of disability. 20 C.F.R. Section 404.1527(c)(3). Here, and in view of the extensive record, that was simply not the case. Accordingly, the plaintiff's claim with respect to this issue must fail.

Plaintiff Eaton's second and final issue involves the contention that the ALJ improperly discounted evidence of an alleged side effect she experiences as a result of taking psychiatric medications. Implied in this argument is the assertion that had the ALJ properly considered this evidence, it would have resulted in a more accurate and/or favorable credibility finding, and, by extension, a conclusion of disability.

As this claim involves legal sufficiency, it is first necessary to identify certain relevant legal requirements. According to the plaintiff, the applicable requirements are addressed in Social Security Ruling 96-7p. This ruling outlines how an ALJ is to evaluate the credibility of an claimant's allegations of symptoms and their functional effects. The ruling further emphasizes the importance of including an explanation of this analysis in the disability determination or decision. As a part of this credibility evaluation, and in addition to considering the objective medical evidence, the ruling directs the adjudicator to take into account the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" when making the credibility assessment. *See* 20 C.F.R. 404.1529(c) and 416.929(c).

Having identified the above directives, and in order to establish that

evidence of the medication side effect exists in the record, the plaintiff pointed to (1) her hearing testimony where she testified that her medications cause her to "sleep quite a bit," and (2) a single word notation of Dr. Bearden indicating that her medications may cause drowsiness.[6]  In view of this evidence, plaintiff Eaton then sought to show how the ALJ's treatment thereof was legally insufficient.  In so doing, she argues that a review of the written decision demonstrates a complete failure by the ALJ to acknowledge the above evidence or even address the overall issue.  This alleged failure, according to the plaintiff, constitutes clear error, requiring a remand of her case.  Plaintiff is mistaken.

Contrary to plaintiff's contention, a review of the written decision indicates that the ALJ did consider the relevant evidence of record relating to the plaintiff's allegations of disability including that which involved the issue of medication side effects.  Indeed, the ALJ's decision even cites the plaintiff's own affirmation that she was doing alright on her current medication regimen.  Moreover, and with regard to her contention that a more detailed discussion of the evidence involving medication side effects should have been included in the decision, this Court simply cannot agree.

Given the fact that the issue of medication side effects is only one

---

[6] This notation appeared in response to a question asking for a description of any medication side effects that may have implications for working.  The question was one of several included in a Mental Impairment Questionnaire completed by Dr. Bearden and submitted into the record by the plaintiff.

among many factors to be considered when evaluating a plaintiff's credibility, coupled with the fact that record in this case contains very little evidence to support an assertion that a medication side effect played a significant role in the plaintiff's alleged inability to work, it simply does not appear that any further analysis of medication side effects was necessary or legally mandated, however helpful or instructive it may have been to the plaintiff.  *See Dyer v. Barnhart*, 395 F.3d at 1211 ("there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision"); see also e.g., *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result."); *Garfield v. Schweiker*, 732 F.2d 605, 609 (7th Cir. 1984) ("written evaluation of every piece of testimony and evidence submitted is not required" and "it is often impracticable and fruitless for every document to be discussed separately.").  Consequently, this Court concludes that the ALJ's decision as to this issue was both legally proper and supported by substantial evidence.

## CONCLUSION

Accordingly, finding that the ALJ properly applied the relevant legal standards and that his decision, which was affirmed by the Commissioner, is supported by substantial evidence, the Commissioner's decision is affirmed.

**SO ORDERED**, this the **29th** day of M**ARCH**, 2010.

                                        *s/ Hugh Lawson*
                                        **HUGH LAWSON**
                                        **SENIOR U. S. DISTRICT JUDGE**